UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EMPIRE STATE CARPENTERS WELFARE, PENSION,   MEMORANDUM & ORDER
ANNUITY, APPRENTICESHIP, CHARITABLE TRUST,  10-CV-602 (JS)(ETB)
LABOR MANAGEMENT COOPERATION and
SCHOLARSHIP FUNDS, Et Al.,

                      Plaintiffs,

    -against-

UPSTATE MILLWORK, INC.,

                      Defendant.
----------------------------------------X

APPEARANCES:
For Plaintiffs:    Christopher James Schulte, Esq.
                 Slevin & Hart, PC
                 1625 Massachusetts Ave NW, Suite 450
                 Washington, DC 20036

                 Owen M. Rumelt, Esq.
                 Levy Ratner P.C.
                 80 Eighth Avenue, 8th Floor
                 New York, NY 10011

For Defendant:     No appearances

SEYBERT, District Judge:

        Plaintiffs have moved for a default judgment. For the following reasons, that motion is GRANTED. Magistrate Judge Boyle's Report and Recommendation ("R&R") is ADOPTED IN PART AND CLARIFIED IN PART.

## BACKGROUND

        On February 11, 2010, Plaintiffs commenced this action. Defendant failed to answer Plaintiffs' Complaint or otherwise appear in this litigation. So on April 30, 2010,

Plaintiffs moved for entry of a default judgment. On May 3, 2010, the Clerk of the Court certified Defendant's default. On May 6, 2010, Plaintiffs moved for a default judgment. On May 12, 2010, the Court referred Plaintiffs' default judgment motion to Magistrate Judge E. Thomas Boyle for his R&R concerning whether a default judgment should be entered and what, if any, damages should be awarded. After considering Plaintiffs' papers and conducting an inquest, Magistrate Judge Boyle then issued, on January 13, 2011, a R&R recommending that a default judgment be entered and that Plaintiffs be awarded certain specified damages and other relief. No party filed any objections to Magistrate Judge Boyle's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotations omitted).

Here, no party objected to Magistrate Judge Boyle's R&R. And the Court finds his R&R to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS it.

That being said, the R&R does contain one ambiguity that needs clarification. The R&R recommends a prejudgment interest award "at a rate of nine percent (9%) per annum, which equates to 0.75% interest per month, compounded." R&R at 5. The Court interprets the R&R as recommending simple interest at a rate of 9% per annum, not compound interest at a rate of 0.75% per month (which would result in an annual interest yield of 9.38%). The underlying Promissory Note provides for "interest of nine (9%) percent per annum," without specifying whether it provides for simple or compound interest. And when a contract "does not specify whether it means simple interest or compound interest, New York law presumes that it awards only simple interest." Trs. Laborers Local Union No. 1298 v. A to E, Inc., 09-CV-3810, 2010 U.S. Dist. LEXIS 50458, at *2 (E.D.N.Y. May 19, 2010). More to the point, Plaintiffs' "Interest Calculation" (Docket No. 22-3) calculates simple interest at a 9% rate of 1.91 years, and it was that resulting interest figure ($8,254.14) that Magistrate Judge Boyle recommended awarding. Consequently, the Court clarifies that Plaintiffs are entitled to prejudgment interest at a 9% simple per annum rate.

It follows then that the Court awards Plaintiffs a default judgment, and further awards Plaintiffs the following damages: (1) unpaid principal on the Promissory Note in the

amount of $48,017.11; (2) interest in the amount of $9,248.69[1]; (3) liquidated damages in the amount of $10,978.15; (4) post-judgment interest to be calculated and assessed under 28 U.S.C. § 1961; (5) attorney's fees in the amount of $7,051.00; and (6) costs in the amount of $204.41.  This leads to a sum total of $75,499.36, plus post-judgment interest under 28 U.S.C. § 1961.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:   February 16, 2011
         Central Islip, New York

---

[1] Magistrate Judge Boyle recommended that $8,254.14 in interest be awarded through November 24, 2010. See R&R at 7. Per diem interest at a 9% simple rate, based on $48,017.11 in principal, comes to $11.84 (i.e., [$48,017.11 * .09]/365). Eighty-four (84) days have passed between November 24, 2010 and today, February 16, 2011. Thus, Plaintiffs are entitled to an additional $994.55 in interest through today, for a total interest award of $9,248.69.